THE BOCCARDO LAW FIRM, INC.
ATTORNEYS AT LAW
111 W. ST. JOHN STREET, SUITE 400
P.O. BOX 15001
SAN JOSE, CALIFORNIA 95115-0001
TELEPHONE (408) 298-5678
FACSIMILE (408) 298-7503
jstein@boccardo.com

**JOHN C. STEIN, SBN 39417**
ATTORNEYS FOR PLAINTIFF

*IT IS SO ORDERED*
*Judge James Ware*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| GERVACIO AND ROSA MARTINEZ | ) Case No.: C 05-03904 JW |
| Plaintiffs, | ) JOINT UPDATED CASE MANAGEMENT ) STATEMENT |
| vs. | ) |
| WERNER CO., HOME DEPOT, USA, INC., and DOES 1-50, | ) and ) ~~PROPOSED~~ ORDER |
| Defendants. | ) |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rules 16-9 and 16-10, the parties, Plaintiffs, Gervacio and Rosa Martinez, and Defendants, Werner Co. and Home Depot, USA, Inc., hereby submit this Joint Updated Case Management Statement.

As this court is aware, *In Re Werner Holding Co. (DE), Inc., et al.*, Case No. 06-10578 (KJC) is still pending in the United States Bankruptcy Court for the District of Delaware.  The bankruptcy stay

-1-

JOINT UPDATED CASE MANAGEMENT STATEMENT

applied therein was extended to Werner Co.'s retailers, including Home Depot, U.S.A., Inc. in pending product liability actions.

An asset purchase agreement dated March 20, 2007 was approved by the bankruptcy court in which significant assets were sold to certain primary creditors of Werner Co. As a result, the action was converted from a Chapter 11 reorganization to a Chapter 7 dissolution. Issues as to the impact of the asset sale on pending product liability claims are still unresolved. In the interim, the automatic stay entered in the Delaware Bankruptcy Court is still in place as to the enjoined Plaintiff.

Attached to this status report is a copy of "Revised Second Amended Liquidating Plan pursuant to Chapter 11 of the United States Bankruptcy Code Filed by the Official Committee of Unsecured Creditors. Counsel in this action have not had the opportunity to discuss with the identified counsel for the unsecured creditors what impact this proposed plan would have on this action. It appears that there is a hearing regarding this plan currently scheduled for October 25, 2007. The plan appears to call for the creation of a "Liquidation Trust" and the appointment of a liquidation trustee."

Tort Claims appear to be addressed in paragraph E, page 31. If the plan is approved it appears that the stay may be lifted to allow the case to proceed to judgment or that the trustee may settle such claims. However, it also notes that any such judgment entered in violation of the stay is null and void. It is unclear as to whether plaintiff in this action would meet the definition of a creditor who could seek full or partial recovery from the trust, the procedural

mechanism to accomplish same, i.e. whether the stay will be lifted to allow this action to proceed to judgment, if plaintiff has to petition to allow the case to proceed and the stay lifted, whether the funds will apply to/protect Home Depot, whether Home Depot has equitable or contractual indemnity rights against Werner, whether the litigation trust or trustee have to be substituted in as the real party in interest, etc. Further the plan does not appear, at first reading, to address the stay currently protecting certain of Werner's vendors.  It is hoped that if the plan is approved that some guidance, orders and clarification will be forthcoming to contingent creditors.  It is possible that approval of the plan may create a conflict of interest which will necessitate separate counsel for Home Depot, where no such conflict existed prior to the bankruptcy stay and during the period of attempted reorganization.

　　　The parties respectfully request that this matter be put over until January 2008 to allow time for some of these issues to be sorted out.

DATED:   October 19, 2007            THE BOCCARDO LAW FIRM, INC.

                                     BY:   _____/s/_____
                                           JOHN C. STEIN
                                           Attorneys for Plaintiffs


DATED:   October 19, 2007            SHAW, TERHAR & LAMONTAGANE

                                     BY:   _____/s/_____

                                           MICHAEL TERHAR
                                           Attorneys for Defendants

**ORDER**

The District Court has reviewed the foregoing Joint Updated Case Management Statement.

GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that the STAY is continued from October 29, 2007 to January 14, 2008 pending resolution of the bankruptcy of Defendant and that the Case Management Conference be continued to ___January 14___, 2008, at _10 AM._

DATED: __October 22, 2007__                    _____
                                                HON. JAMES WARE
                                                UNITED STATES DISTRICT JUDGE

-4-

JOINT UPDATED CASE MANAGEMENT STATEMENT