*E-FILED 12/4/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GERVACIO and ROSA MARTINEZ,<br><br>    Plaintiffs,<br>  v.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>    Defendants.<br>_____/ | NO. C 05-3904 JW (RS)<br><br>**ORDER GRANTING MOTION<br>TO COMPEL DEPOSITION** |

Defendant Home Depot U.S.A., Inc. ("Home Depot") moves to compel non-party Miguel Cadena's deposition. Home Depot also seeks to pursue discovery of information obtained from that deposition for a reasonable period of time, not limited by the upcoming discovery cutoff date of January 19, 2009. Home Depot further maintains that an order to show cause regarding Cadena's failure to appear at his previously noticed deposition is warranted. Finally, Home Depot seeks $1,920 from Cadena for reasonable attorney's fees and costs incurred in connection with this motion. Plaintiffs' counsel has filed a notice of non-opposition to Home Depot's motion. This matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b).

This is a personal injury case wherein plaintiff Gervacio Martinez is suing Home Depot for injuries incurred when he fell off a roof/ladder in the course and scope of a painting job he was performing for Cadena (plaintiff's employer). Tolson Decl., ¶ 2. Home Depot alleges that Cadena has information related to plaintiffs' alleged damages. Indeed, he was listed on plaintiffs' initial disclosures, and at Gervacio Martinez's deposition, he testified that Cadena was the only other

1

person at the job site on the day of the accident. *Id.*, ¶ 3. On September 23, 2008, a Spanish speaking process server served Cadena with a subpoena to appear for a October 13, 2008 deposition. Cadena, however, failed to appear.

Because Cadena appears to be the sole witness to the accident and is listed on plaintiffs' initial disclosures, the motion to compel is granted and Cadena is ordered to appear at a deposition to be re-noticed by Home Depot.  If upon completion of the deposition Home Depot determines that relevant discovery exists of which, in the exercise of reasonable diligence, it had not been aware, it may propound further discovery requests accordingly notwithstanding the expiration of the discovery cut-off.  While Cadena did not appear for the prior deposition, he will be given the benefit of the doubt as a non-party to the underlying litigation.  Cadena is warned, however, that failure to appear may be grounds for sanctions.

IT IS SO ORDERED.

Dated: December 4, 2008

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO COMPEL DEPOSITION
C 05-3904 JW (RS)

**2**